JORGENSON, J.,
dissenting.
I respectfully dissent. In my view, the trial court correctly found that UltraCom’s license was grandfathered under the county cable ordinance and that Dade County is owed 2% of gross revenue under that license. I adopt the reasoning of the trial court:
The actions of the City of Miami Beach in ceasing to charge 3% under the Ultra-Com license merely meant under the county ordinance that Plaintiff no longer had to charge 2%. Although the City of Miami Beach waived its 3% in fees, there was no evidence that the Plaintiff waived its 2% in franchise fees. After 1993, under the UltraCom license, the Defendant would owe nothing to the City of Miami Beach but still owed the Plaintiff [County] 2% in gross revenue.
The actions of the City of Miami Beach in charging 4% under the agreement for the areas formerly under the UltraCom license was not grandfathered under the county ordinance. The All-Rite license did not encompass these areas in 1992 under the grandfather provision. The All-Rite Franchise fees of 4% and 1% were only grandfathered as to the areas under the All-Rite license in 1992.
As a result, based on the City of Miami Beach’s agreement in 1993, 4% was given to the City of Miami Beach for the areas formerly under the Ultra-Com license. Under this combination of the franchise fees as to the UltraCom areas, namely 4% to the City of Miami Beach and 2% to the Plaintiff, the total amount of payments would exceed 5% of the licensee’s gross revenue....
Under the City’s argument, a very small area paying only 1% fees to the County would swallow a much larger territory paying 2% based solely on an arrangement arrived at by the Defendant and the City-aw arrangement that excluded the County to its detriment and without its agreement. This result would be eminently unjust, (emphasis added).
I would affirm the judgment of the trial court in all respects.